UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>AVID HOLDINGS LTD.,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-mc-00052-LK<br><br>ORDER DENYING APPLICATION FOR WRIT OF EXECUTION |

This matter comes before the Court on Plaintiff Next Level Ventures, LLC's Application for Writ of Execution. Dkt. No. 1. For the reasons set forth below, the Court denies the application.

I.  BACKGROUND

Plaintiff Next Level Ventures ("NLV") sells vaping devices and accessories to end users, and Defendant Avid Holdings Ltd. ("Avid") designs, develops, and produces those devices through relationships with third-party manufacturers. *Next Level Ventures, LLC v. Avid Holdings Ltd.*, No. 2:22-cv-1083-JCC, 2023 WL 3382539, at *1 (W.D. Wash. May 11, 2023). Their relationship eventually deteriorated and NLV filed an arbitration demand and statement of claims with the International Center for Dispute Resolution ("ICDR"). *Id.* at *1–2. The arbitrator awarded

NLV $892,020.25, 12% interest per annum, and declaratory and injunctive relief regarding the parties' performance under their distribution agreement. *Id.* at *2. NLV filed suit to confirm the arbitration award, and on May 11, 2023, the Court issued an order granting NLV's motion to confirm an arbitration award, denying Avid's motion to vacate the award, and awarding NLV $892,020.25 plus 12% interest per annum. *See generally id.* at *1–5. Avid has appealed the judgment, *Next Level Ventures, LLC v. Avid Holdings Ltd.*, No. 2:22-cv-1083-JCC, Dkt. No. 40 (W.D. Wash. June 9, 2023), but has not moved to stay it.

On June 23, 2023, NLV filed this action for a writ of execution contending that Avid has not paid any portion of the judgment. Dkt. No. 1 at 1–2. NLV seeks a writ directed to the United States Marshal to take into possession and sell Avid's non-exempt personal property in an amount sufficient to satisfy the judgment. Dkt. No. 1-2 at 1–2. NLV's proposed writ states that such property includes, but is not limited to, "[a]ll rights to and ownership interests in, held, or claimed by AVID in any and all intellectual property, including but not limited to any and all trademarks, copyrights, patents and/or trade secrets along with their associated goodwill;" "[a]ll contract rights belonging to or that may be claimed by AVID from any contract(s) to which AVID is a party" or beneficiary; and "[a]ll claims, counterclaims, causes of action, choses in action, rights of payment, claims to offset, claims to recoupment, and/or rights to compensation of every kind and nature which AVID may have against" NLV including but not limited to claims asserted in the prior arbitration and another currently pending arbitration. *Id.* at 2–3. Avid has not appeared in this matter.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 69, a money judgment may be enforced by a writ of execution. Fed. R. Civ. P. 69(a)(1). That rule provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the

ORDER DENYING APPLICATION FOR WRIT OF EXECUTION - 2

procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.*[1] The Court therefore looks to Washington law, which generally allows money judgments to be enforced by execution: "All property, real and personal, of the judgment debtor that is not exempted by law is liable to execution." Wash. Rev. Code § 6.17.090; *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 996 (9th Cir. 2014); *Johnson v. Dahlquist*, 225 P. 817, 818 (Wash. 1924). The statute also specifically provides that "intangible personal property may be levied on[.]" Wash. Rev. Code § 6.17.160(7).

The property listed in the proposed writ is not exempted by statute. Wash. Rev. Code § 6.15.060. And courts have permitted writs of execution against some legal claims, patents, and copyrights. *See, e.g.*, *Hendricks & Lewis PLLC*, 766 F.3d at 997 (unless an exception applies, a creditor can execute a writ of execution against patents and copyrights); *Woody's Olympia Lumber, Inc. v. Roney*, 513 P.2d 849, 853–54 (1973) (a writ of execution can be levied against a medical malpractice claim). However, NLV has not cited any case law in support of its application, and it is not clear that it is entitled to, the writ it seeks against Avid's contracts, trademarks, trade secrets, and arbitration rights, especially to the extent those assets are implicated in Avid's appeal or in other ongoing proceedings. Dkt. No. 1-2 at 2–3; *see Next Level Ventures, LLC v. Avid Holdings, Ltd.*, No. 23-35404 (9th Cir.); *Next Level Ventures, LLC v. AVID USA Techs. LLC*, No. 2022-0699-MTZ (Del. Ch.); *In the Matter of Certain Oil-Vaping Cartridges, Components Thereof, & Prod. Containing the Same Comm'n Opinion*, USITC Inv. No. 337-TA-1286.

Nor is it clear that NLV is entitled to a writ against Avid's "claims, counterclaims, causes of action, choses in action, rights of payment, claims to offset, claims to recoupment, and/or rights to compensation of every kind and nature which AVID may have against" NLV. Dkt. No. 1-2 at

---

[1] The Court has "ancillary or supplemental jurisdiction for supplementary proceedings to enforce its judgment." Wright & Miller, 12 Fed. Prac. & Proc. Civ. § 3013 (3d ed.).

ORDER DENYING APPLICATION FOR WRIT OF EXECUTION - 3

3. If NLV were granted that writ, and if it purchased those rights at the subsequent sale, NLV would wind up on "both ends of [the] lawsuit" and arbitration with potentially "grossly inequitable result[s]." *Paglia v. Breskovich*, 522 P.2d 511, 514 (Wash. Ct. App. 1974). The proposed writ is broad enough to encompass Avid's appeal of the underlying judgment confirming the arbitration award. Dkt. No. 1-2 at 3. "[A]llowing one party to destroy the opposing party's appeal by becoming its owner through enforcement of the very judgment under review is fundamentally unjust." *MP Med. Inc. v. Wegman*, 213 P.3d 931, 936 (Wash. Ct. App. 2009).

It is also unclear whether the Court has authority to issue a writ directed to Avid's property when its "last known addresses" are in Hong Kong and China and the application does not specify whether the subject property is located in Washington. Dkt. No. 1-2 at 2; *see Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 700 (9th Cir. 2010) ("Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property[.]"). And finally, the proposed writ directs law enforcement officials to both take possession of and *sell* the listed property, but NLV has not given pre-sale notice to the debtor. Dkt. No. 1-2 at 2; *see also* Wash. Rev. Code § 6.17.130 (requiring notice to the judgment debtor prior to sale); *id.* § 6.21.020 (requiring pre-sale notice and describing procedures). Accordingly, NLV is not entitled to the requested writ.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES NLV's application for a writ of execution. Dkt. No. 1.

Dated this 14th day of November, 2023.

Lauren King
United States District Judge