THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AVID HOLDINGS LTD. F/K/A ALDEREGO GROUP LTD., <br><br> Defendant. | CASE NO. MC23-0052-JCC <br><br> ORDER |

In a related civil case, this Court issued a money judgment against Defendant Avid Holdings Ltd. ("Avid") in favor of Plaintiff Next Level Ventures, LLC's ("Next Level"). *See Next Level Ventures, LLC v. Avid Holdings Ltd.*, No. C22-1083-JCC, Dkt. No. 37 (W.D. Wash 2023). In this miscellaneous matter, Next Level applied for a writ of execution (Dkt. No. 1) against that judgment. (*See* Dkt. No. 1-2) (proposed writ). The matter was assigned to the Honorable Lauren J. King, United States District Judge, who initially denied Next Level's application, based on various procedural and substantive concerns.[1] (*See* Dkt. No. 2.)

---

[1] Judge King cited the following: (1) Next Level's failure to cite caselaw supporting the execution of the writ against Avid's intellectual property, particularly to the extent that property may be associated with ongoing litigation between the two; (2) Judge King's concern that the proposed writ was sufficiently broad to defeat Avid's appeal of the very judgment Next Level seeks to execute against; (3) a jurisdictional concern, to the extent the subject property is located

ORDER
MC23-0052-JCC
PAGE - 1

Next Level then renewed its request, through an amended application (Dkt. No. 13), which Judge King transferred to this Court. Next Level now provides additional argument and authority, (*see id.* at 5–11), and narrows the scope of the writ's proposed execution, (*compare* Dkt. No. 1-2, *with* Dkt. No. 13-2). Next Level asks the Court to issue a writ authorizing the United States Marshal for the Western District of Washington to "tak[e] into possession and sell[]" certain trademarks, contract rights, and other intellectual property of Avid. (Dkt. No. 13-2 at 2–3.) Avid objects. (*See generally* Dkt. No. 14.)

As Judge King noted previously, under the federal rules, the Court's judgment against Avid may be enforced so long as the procedure accords with state law. (*See* Dkt. No. 2 at 2–3) (citing Fed. R. Civ P. 69(a)(1)). And under Washington law, "all property" is subject to execution, including "intangible personal property." RCW 6.17.090, .160(7); *see Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 996 (9th Cir. 2014) (describing "Washington's admittedly broad and general execution statutes"). Avid objects to the writ. (*See generally* Dkt. No. 14.) As described below, none of its objections support declining to issue the revised writ.

Avid asserts that the writ, if executed, would attach to trademarks not belonging to Avid, specifically, those held by Jonathan and Hanna Carfield (Avid's founders). (Dkt. No. 14 at 5–7.)[2] But the writ only directs the Marshal to execute against "non-exempt personal property *of AVID*." (Dkt. No. 13-2 at 2) (emphasis added). To the extent the trademarks at issue are not exclusively Avid's, the writ does not authorize possession and sale in their entireties.

---

outside of Washington; and, finally, (4) whether the proposed writ provided for adequate pre-sale notice. (*See* Dkt. No. 2 at 3–4.)

[2] At issue is the following language contained within the writ:

> All trademarks, located in the United States, that are the subject of the license granted to NLV pursuant to the Exclusive Distribution Agreement (as amended and restated effective April 20, 2020) and their associated goodwill, including, without limitation, 'AVD' and 'Advanced Vapor Devices' and the trademarks set forth on Schedule 1 to the foregoing Exclusive Distribution Agreement.

(*Id.* at 5) (citing Dkt. No. 13-2 at 2).

Avid also suggests the writ would extinguish claims currently subject to arbitration, and the Court should avoid this inequitable result. (Dkt. No. 14 at 7–8.) But in as much as this Court is aware (and Avid cites no support suggesting otherwise), Washington courts only prevent such results in extreme circumstances.[3] Its potential impact on arbitration, at least as Avid describes it, is too attenuated to support an application of the Court's "supervisory" authority. *MP Med. Inc. v. Wegman*, 213 P.3d 931, 936 (Wash. Ct. App. 2009). If anything, what Avid asks of this Court would contravene settled Washington law. *See Johnson v. Dahlquist*, 225 P. 817, 818 (Wash. 1924) (affirming that a judgment creditor may execute on its own judgment debt owed to judgment debtor).

Finally, Avid suggests that the writ is overbroad and would result in the seizure of "the entirety of Avid's assets." (Dkt. No. 14 at 8.) But the writ, as proposed, only directs the Marshal to "tak[e] into possession and sell[] [AVID assets] *sufficient to satisfy*" the "unpaid portion of the judgment and award with interest and any increased cost." (Dkt. No. 13-2 at 2) (emphasis added). To the extent the judgment amount for which Next Level seeks execution of exceeds Avid's value (Avid has made no effort to show that this is even the case), this concern has no legal import that the Court is aware of.

For the foregoing reasons, Next Level's amended application for writ of execution (Dkt. No. 13) is GRANTED. The Clerk is DIRECTED to issue the writ as proposed (Dkt. No. 13-2) and return it to Next Level Ventures, LLC, c/o Tim Cunningham, Davis Wright Tremaine LLP, 560 SW Tenth Avenue, Suite 700, Portland, OR 97205.

//

---

[3] *See Paglia v. Breskovich*, 522 P.2d 511, 512–13 (Wash. Ct. App. 1974) (setting aside a sheriff's sale in satisfaction of a writ of execution made on behalf of a defendant's attorney who obtained right to a judgment against a plaintiff debtor for the express purpose of terminating that plaintiff's case against the attorney's client); *MP Med. Inc. v. Wegman*, 213 P.3d 931, 936 (Wash. Ct. App. 2009) (denying a writ of execution on the right of appeal itself); *see also United Pac. Ins. Co. v. Lundstrom*, 459 P.2d 930, 936 (Wash. 1969) (vacating writ of attachment when judgment amount could not be determined with certainty).

1   DATED this 8th day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE