THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES, LLC, | CASE NO. MC23-0052-JCC |
| Plaintiff, | ORDER |
| v. | |
| AVID HOLDINGS LTD. F/K/A ALDEREGO GROUP LTD., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's application for a supplemental writ of execution (Dkt. No. 29). For the reasons described below, the request is DENIED.

In a prior order approving a writ of execution, the Court described the background facts and procedural posture of this matter. (*See* Dkt. No. 19 at 1–2.) It will not repeat that information here. Since then, little has changed. It appears undisputed that, outside of the sale of certain property subject to that writ, Plaintiff has not collected on the money judgment issued in a related matter, *Next Level Ventures, LLC v. Avid Holdings Ltd.*, No. C22-1083-JCC (W.D. Wash 2023). (*See generally* Dkt. No. 29.)

Thus, Plaintiff now seeks a supplemental writ for the following:

- All rights to and ownership interests in, held, or claimed by AVID in any and all claims, rights, and choses in action, including, without limitation, legal rights to sue or arbitrate, pending claims, accrued causes of action, rights to receive payments under a loan or promissory note, rights to sue for breach of

ORDER
MC23-0052-JCC
PAGE - 1

- contract or enforce performance, rights to collect under an insurance policy after an insured event occurs, ownership interests conferring dividends or voting rights, transferable only through legal documentation, checks or promissory notes evidencing a right to payment, rights to enforce a court judgment against another party, and rights to sue a trustee, corporate officer, or agent for wrongdoing. This includes claims against NLV in the Ongoing Arbitration and Ongoing Litigation: *Avid Holdings Ltd. f/k/a Alderego Group Ltd. v. Next Level Ventures, LLC*, AAA ICDR Case No. 01-23- 0000-8019 and *Avid Holdings Ltd. f/k/a Alderego Group Ltd., Hanna Carfield and Johnathan Carfield v. Alex Kwon et al.*, No. 2:24-cv-8196 (C. D. Cal. Feb. 4, 2025);
- All rights, title, and interest in and to any websites, website content, domain names and registrations, and related digital assets, including, without limitation, avd.com.

(Dkt. No. 29-4 at 2–3.)

The Court finds compelling reasons precluding the issuance of such a writ. As to the first item, it would force the sale of Defendant's and/or related parties'[1] interests in remaining legal disputes with Plaintiff. And to the extent that Plaintiff purchases this asset, as it did following the prior writ of execution in this matter, (*see* Dkt. No. 28), the disputes would ostensibly terminate. This result is unjust and, as discussed in the prior order, is a basis to deny or vacate such a writ. (*See* Dkt. No. 19 at 3 n.3) (citing *Paglia v. Breskovich*, 522 P.2d 511, 512–13 (Wash. Ct. App. 1974); *MP Med. Inc. v. Wegman*, 213 P.3d 931, 936 (Wash. Ct. App. 2009); *United Pac. Ins. Co. v. Lundstrom*, 459 P.2d 930, 936 (Wash. 1969)). As to the second item, the existing writ of execution includes all intellectual properly "claimed by AVID." (Dkt. No. 20 at 2.) To the extent the property described above is, indeed, Avid's, it is covered by that writ. And to the extent it is not, as Defendant now contends, (*see* Dkt. No. 36 at 7–8), the property is not subject to this collection action and cannot be included on a writ issued by this Court.

Therefore, Plaintiff's application for a supplemental writ of execution (Dkt. No. 29) is DENIED.

---

[1] Given the closely-held nature of the parties in this action, (*see generally* Dkt. No. 36), the fact that the litigation and/or arbitration may involve related parties rather than Defendant makes no difference. Plaintiff's arguments otherwise, (*see* Dkt. No. 38 at 3–4), are unavailing.

1  DATED this 7th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE