THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXT LEVEL VENTURES, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AVID HOLDINGS LTD. F/K/A ALDEREGO GROUP LTD.,<br><br>　　　　　　　Defendant. | CASE NO. MC23-0052-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel discovery (Dkt. No. 40). Having thoroughly considered the briefing and record, and finding oral argument unnecessary, the Court GRANTS the motion in part as described below.

The Court has discussed the background of this case in prior orders. (*See, e.g.*, Dkt. No. 19 at 1–2.) It will not repeat that information here. As to the instant matter, Plaintiff asks the Court to compel Defendant to fully respond to an interrogatory and request for production ("RFP") regarding third-party contracts Defendant entered into. (*See* Dkt. No. 40 at 3–5.) According to Plaintiff, it seeks this discovery to collect on the judgment (and writ of execution) the Court previously entered in this matter. (*See generally id.*)

In failing to fully comply with the interrogatory and RFP, Defendant says the following: (a) the contracts have no value, as such, their production is not supported by Plaintiff's purported

ORDER
MC23-0052-JCC
PAGE - 1

discovery purpose; (b) the disclosure of legal engagement letter(s) would hamstring Defendant in seeking remedies in other jurisdiction against Plaintiff for its alleged malfeasance; and (c) full production of certain agreements violates confidentiality provisions. (*See* Dkt. No. 41 at 7–12.) Fundamentally, Defendant suggests Plaintiff's true intention is to circumvent this Court's prior rulings precluding Plaintiff from disabling Defendant's litigation against Plaintiff (in other venues). (*See generally id.*)

"'In aid of the judgment or execution, the judgment creditor or a successor in interest . . . may obtain discovery from any person—including the judgment debtor.'" *Devas Multimedia Priv. Ltd. v. Antrix Corp. Ltd.*, 2021 WL 3616787, slip op. at 2 (W.D. Wash. Aug. 16, 2021) (quoting Fed. R. Civ. P. 69(a)(2)). Rule 69 only requires that such discovery "'be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment.'" *Id.* (quoting *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012)). A party seeking to avoid production "bears the burden, for each particular document [it] seeks to protect, of showing that specific prejudice or harm will result." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1355 (9th Cir. 2013).

The Court does not view the disclosure and/or production Plaintiff seeks in the light Defendant portrays. By virtue of the asset sale to Plaintiff (following the writ of execution), Plaintiff is the current owner of certain contract rights previously held by Defendant. (*See* Dkt. Nos. 20 at 2–3, 28 at 1.) Plaintiff is thus entitled to the details of each. While Defendant asserts the contracts are of no value to Plaintiff (and irrelevant to the discovery it seeks), this is for Plaintiff to determine—not Defendant. Disclosure is required, even for engagement letters, absent the application of attorney-client (or other applicable) privileges.[1] Finally, to the extent

---

[1] "'[T]he identity of an attorney's clients and the nature of his fee arrangements with his clients are not confidential communications protected by the attorney-client privilege.'" *Seventh Elect Church in Israel v. Rogers*, 688 P.2d 506, 509 (Wash. 1984) (quoting *United States v. Hodge & Zweig*, 548 F.2d 1347, 1353 (9th Cir.1977)). "'Fee arrangements usually fall outside the scope of the privilege simply because such information ordinarily reveals no confidential professional

the contracts contain a non-disclosure provision, Plaintiff is equally bound by that provision (*i.e.*, production does not alter their terms). This does not bar disclosure or production.

Plaintiff's motion to compel (Dkt. No. 40) is GRANTED in part. Defendant is ORDERED to fully respond to interrogatory number 1 and produce documents responsive to RFP number 1. This includes engagement letters between Defendant and legal counsel[2] *but not* engagement letters between a party other than Defendant (such as its owners), and counsel.

DATED this 2nd day of June 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

communication between attorney and client, and not because such information may not be incriminating.'" *Id.* (quoting *In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir.1983)).

[2] To the extent such documents contain privileged information, Defendant may redact those portions. *See Aecon Bldgs., Inc. v. Zurich N.A.*, 253 F.R.D. 655, 660 (W.D. Wash. 2008) (describing the "'essence of the attorney/client relationship'") (quoting *Bohn v. Cody*, 832 P.2d 71, 75 (Wash. 1992)).

ORDER
MC23-0052-JCC
PAGE - 3